IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VAUGHN BARKSDALE,** | * |
| *Petitioner*, | * |
| v. | * Criminal No. RWT-10-0447 |
| | * Civil No. RWT-16-2559 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's (1) Application for Leave to File a Second or Successive Section 2255 Motion ("Application for Leave") (ECF No. 178), and (2) Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 179).

**1. Background**

On June 29, 2010, Petitioner's two co-defendants entered an M&T Bank brandishing firearms and wearing disguises and took approximately $13,560.00 from the bank. ECF No. 97-1. When the co-defendants exited the bank, they entered a waiting motor vehicle driven by Petitioner. *Id.* Later that same day, a law enforcement officer stopped the vehicle for a traffic violation. *Id.* Petitioner was apprehended at the scene. *Id.* Officers recovered the firearms, money, and disguises from the automobile. *Id.*

On July 13, 2011, Petitioner pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2. ECF Nos. 96, 97. Application of the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") in the Presentence Report ("PSR") produced a recommended sentence of 210–262 months imprisonment. PSR at 20. This

recommendation was based on a total offense level of 32 and a criminal history category of VI. PSR ¶¶ 26, 61. At sentencing on October 20, 2011, the Court adopted the PSR recommendations without change and sentenced Petitioner to 250 months imprisonment. ECF No. 121. Petitioner took a direct appeal to the Fourth Circuit, which affirmed this Court's judgment on December 28, 2012. ECF No. 151.

On June 27, 2016, Petitioner filed his Application for Leave and Motion to Vacate. ECF Nos. 178, 179.

## 2. Application for Leave

In his Application for Leave, Petitioner asks for authorization to file a second or successive motion under § 2255. ECF No. 178 at 5. His filing is addressed to the Fourth Circuit, but was filed in this Court. *See id.* at 1. A petitioner is required to receive pre-filing authorization from the appropriate court of appeals before a district court may consider a motion under § 2255 where the petitioner has already filed, and the district court has already ruled on, a previous motion under § 2255. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Absent pre-filing authorization, a district court would lack jurisdiction to consider the successive motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Notwithstanding Petitioner's Application for Leave, an examination of the dockets of this Court reveals that Petitioner has, in fact, never filed a motion under § 2255. His Application for Leave, therefore, even if it were filed in the proper court, is unnecessary. Accordingly, the Court will deny it as moot.

### 3. Motion to Vacate

In his Motion to Vacate, Petitioner asserts that his "sentence under 18 U.S.C. § 924(c)(1)(A), in relation to a crime of violence should be vacated and set aside" based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 179 at 2. Petitioner argues that his conviction under § 924(c) should be vacated because armed bank robbery, the alleged predicate offense upon which the § 924(c) conviction was based, is no longer a crime of violence under either the residual clause or the force clause of § 924(c). *Id.* at 4. Petitioner's Motion, however, is both untimely and lacks merit.

Claims under § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final, unless one of the three exceptions applies as provided in § 2255(f)(2)–(4).[1] 28 U.S.C. § 2255(f). When a defendant files a direct appeal, the one-year limitations period begins to run when the time for filing a petition for certiorari with the U.S. Supreme Court expires, which is 90 days after the entry of the judgment of the court of appeals. *See Clay v. United States*, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1. Because the Fourth Circuit affirmed this Court's judgment on December 28, 2012, the limitations period for filing his Motion to Vacate ended on March 28, 2014. Petitioner, however, did not file his Motion to Vacate until June 27, 2016, more than two years after the deadline.

---

[1] 28 U.S.C. § 2255(f) states:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that Petitioner would attempt to excuse the untimeliness of his Motion to Vacate under § 2255(f)(3) by invoking *Johnson*. *See* ECF No. 179. *Johnson*, though, is inapplicable to Petitioner's case for a number of reasons. First, in *Johnson*, the Supreme Court held that the residual clause of the "crime of violence" definition in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. Petitioner, however, was not sentenced under the ACCA. Second, Petitioner's alleged predicate crime of armed bank robbery is a crime of violence under the "force clause" of 18 U.S.C. § 924(c)(3), *not* the residual clause. *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016) (citing *United States v. McNeal*, 818 F.3d 141, 151-57 (4th Cir. 2016)). Third, even if Petitioner was sentenced under a residual clause in the Guidelines, which according to his PSR he was not, any challenge under *Johnson* is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), which held that the Guidelines are not subject to the void-for-vagueness doctrine.

Moreover, even if Petitioner's untimeliness was excused under *Johnson*, Petitioner was not charged, convicted, or sentenced under § 924(c). *See* ECF Nos. 1, 96, 151. He also did not receive any type of sentence enhancement for which his armed robbery conviction would have been used as a predicate offense. The claims he has raised, therefore, are wholly meritless, regardless of his Motion's timeliness. Accordingly, the Court will deny Petitioner's Motion to Vacate.

When dismissal of a Motion to Vacate is based on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As neither applies here, no certificate of appealability shall issue.

For the foregoing reasons, it is this 16th day of August, 2018, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner's Application for Leave to File a Second or Successive Section 2255 Motion (ECF No. 178) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 179) is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT ISSUE**; and it is further

**ORDERED**, that the Clerk **SHALL PROVIDE** a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** Civil Action No. RWT-16-2559.

                                                    /s/
                                      ROGER W. TITUS
                                      UNITED STATES DISTRICT JUDGE